UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| ASHLEY MAI COOK, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:21-CV-025-DCLC-SKL |
| GLORIA FISHER, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner, a state prisoner, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 challenging her two 2008 Bedford County, Tennessee criminal convictions for conspiracy to commit first-degree murder and first-degree murder by asserting that (1) she has newly discovered evidence of her innocence and (2) the state court erred in not holding a hearing on her newly discovered evidence in the proceeding in which she sought writ of error coram nobis relief based on that evidence [Doc. 1],[1] that is now before the Court. Respondent filed a response in opposition to the petition asserting that the claims therein are untimely and not cognizable in this action [Doc.

---

[1] Petitioner also cites *Brady v. Maryland*, 373 U.S. 83, 87 (1963) in ground two of her petition for relief under § 2254 [Doc. 1 p. 9]. However, Petitioner does not assert, much less establish, that (1) the prosecution possessed and withheld any of the documents she asserts are newly discovered evidence on which she relies on for her § 2254 claims, or (2) she could not have obtained these documents from another source, as required to demonstrate a *Brady* violation. *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999) (providing that a *Brady* violation has three requirements: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued); *see also Abdur'Rahman v. Colson*, 649 F.3d 468, 474 (6th Cir. 2011), *cert. denied*, 133 S. Ct. 30 (2012) (providing that no *Brady* violation exists if a defendant knew or had reason to know "'the essential facts permitting him to take advantage of any exculpatory information,'" or where the evidence was available to him from another source (quoting *United States v. Clark*, 928 F.2d 733, 738 (6th Cir.1991)). Thus, Petitioner has failed to set forth a cognizable *Brady* claim.

9] and filed the state court record [Doc. 8]. Petitioner filed a reply [Doc. 10]. For the reasons set forth below, this action will be **DISMISSED** because the claims in the petition are not cognizable in this action, and the Court will not reach the issue of whether the claims are timely.

I. ACTUAL INNOCENCE

In her first ground for relief under § 2254, Petitioner asserts that she has new evidence of her actual innocence for her underlying convictions [Doc. 1 p. 6–7]. Actual innocence, if proved, serves as a gateway through which a petitioner may obtain review of her otherwise barred or untimely claims of constitutional violation. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *see also Schlup v. Delo*, 513 U.S. 298 (1995); *House v. Bell*, 547 U.S. 518 (2006). But a stand-alone claim for actual innocence is not cognizable in this action. *Herrera v. Collins*, 506 U.S. 390, 400 (1993) (holding that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding").

It is apparent that, in ground one of her petition, Petitioner seeks relief for a stand-alone actual innocence [Doc. 1 p. 6–7]. However, that claim is not cognizable herein, and therefore it will be **DISMISSED**.

II. DUE PROCESS IN ERROR CORAM NOBIS PROCEEDING

In ground two of her petition, Petitioner asserts that the state court erred in not holding a hearing in the proceeding in which she sought writ of error coram nobis relief based upon her newly discovered evidence [*Id.* at 8–9]. However, it is well-established that petition for a writ of habeas corpus "is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings . . . because the claims address collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration." *Kirby v. Dutton*, 794 F.2d

2

245, 247 (6th Cir. 1986). Accordingly, the Sixth Circuit Court of Appeals "'has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review.'" *Mendenhall v. Parris*, No. 16-6003, 2017 WL 2819225, at *4 (6th Cir. Feb. 22, 2017) (quoting *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007)); *see also Gardner v. Qualls*, 2017 WL 1364675 (noting that as "a state is not constitutionally required to provide" a convicted prisoner with procedures to collaterally attack her conviction, "alleged errors in states collateral relief proceedings do not present a basis" for § 2254 relief") (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987) (other citations omitted).

Thus, this claim also is not cognizable in this action.

### III.    CERTIFICATE OF APPEALABILITY

For the reasons set forth above, the Court will dismiss the petition for § 2254 relief in this action because the claims therein are not cognizable in this action. The Court therefore now must consider whether to issue a certificate of appealability (COA), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Where the district court rejects the § 2254 petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001). As reasonable jurists would not debate the Court's ruling that the claims in the § 2254 petition are not cognizable in this action, a COA will not issue.

### IV.    CONCLUSION

For the reasons set forth above:

1. This action will be **DISMISSED**;

2. A COA will not issue; and

3. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

                                          s/Clifton L. Corker
                                          United States District Judge